UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESHAWN MAURICE HARRELL,

Plaintiff,

v.

SUPERIOR COURT OF SAN MATEO
COUNTY DEPT #2A, et al.,

Defendants.

Case No. 25-cv-07438-NW

**ORDER SCREENING COMPLAINT,
DISMISSING WITHOUT PREJUDICE**

Re: ECF No. 3

Plaintiff Eshawn Maurice Harrell, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. *See* ECF Nos. 1, 3. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court **DISMISSES** the Complaint without prejudice.

## I.    BACKGROUND

Harrell identifies "Superior Court District of San Mateo County Dept. #2A Presiding Judge (08/06/25)" and prosecutor William Wagstaff as Defendants in this action. ECF No. 1 at 1. Harrell alleges that the unnamed Presiding Judge violated Harrell's Fourteenth Amendment rights by denying Harrell's request to serve his sentence in a drug program. Harrell also alleges that the denial of his request violated state law. He seeks monetary damages.

## II.    LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**III.  DISCUSSION**

**A.  Federal Claims**

Harrell fails to state a cognizable claim against the unnamed Presiding Judge. Judges are entitled to absolute immunity for acts within their judicial capacity, even if taken in error or in excess of their authority. *See Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *see also Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (state court judges have absolute immunity from suit for damages, not just the assessment of damages). In his Complaint, Harrell alleges that the judge violated his rights by denying his request to serve his sentence in a drug program. Imposing a sentence is a judicial act; the judge therefore has absolute immunity from civil suit. Moreover, although Harrell does not make any factual allegations related to prosecuting attorney Wagstaff, any claims related to his advocacy during the August 6, 2025 hearing would likewise be immune from liability. *See Imbler v. Patchman*, 424 U.S. 409, 430–31 (1976) (holding that prosecutors are immune for any conduct in "pursuing a criminal prosecution" insofar as they were acting as "advocate[s] for the State" and their actions were "intimately associated with the judicial phase of the criminal process."). These claims are therefore **DISMISSED**; because amendment of these claims would be futile, the dismissal is without leave to amend. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

**B.  State Law Claims**

Given that Harrell fails to state a cognizable federal claim, the Court presently has no basis for jurisdiction over Harrell's state law claim. Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Generally, original federal jurisdiction is premised on federal question jurisdiction or diversity jurisdiction. Here, Plaintiff has not asserted a cognizable violation of federal law or

United States District Court
Northern District of California

shown diversity jurisdiction.  Because Harrell cannot amend his federal claims and the face of the Complaint shows that no diversity jurisdiction exists, the Court concludes that the deficiencies cannot be cured by amendment.  *See* ECF No. 1 at 1 (stating that Defendants are in San Mateo County).  *See Wheeler*, 894 F.3d at 1059.

The state law claim is **DISMISSED WITHOUT PREJUDICE** to Harrell seeking relief in the appropriate venue

### IV.    CONCLUSION

The Court orders as follows:

1. The claims against the Presiding Judge and Wagstaff are **DISMISSED WITHOUT LEAVE TO AMEND** for failure to state a claim.

2. The state law claims are **DISMISSED WITHOUT PREJUDICE** to Harrell seeking relief in the appropriate venue.

3. As no other claims or defendants remain, the case is **DISMISSED**.

4. The Clerk shall terminate all pending motions as moot (ECF No. 3) and close the file.

**IT IS SO ORDERED.**

Dated: February 20, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3